IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Grazyna C., | ) |
|       *Plaintiff*, | ) ) ) ) Case No. 3:21-cv-50030 |
| v. | ) ) Magistrate Judge Lisa A. Jensen |
| Kilolo Kijakazi, Acting Commissioner of Social Security,[1] | ) ) ) |
|       *Defendant*. | ) ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Grazyna C. brings this action under 42 U.S.C. § 405(g) seeking a remand of the decision denying her disability insurance benefits.[2] For the reasons set forth below, the Commissioner's decision is reversed, and this case is remanded.

### I. Background

In January 2017, Plaintiff filed an application for disability insurance benefits alleging a disability beginning on July 14, 2015, because of panic disorder, post-traumatic stress disorder, anxiety, depression, migraines, and high blood pressure. R. 148, 289. Plaintiff last worked at Chase Bank in the collections and litigation departments for approximately 15 years. Plaintiff described her work as very stressful and requiring all her focus. In July 2015, when Plaintiff was 54 years old, she went on medical leave due to her mental health. Plaintiff explained that her son passed away 20 years ago. When Plaintiff was reminded of his passing, either through a customer interaction or another trigger, she suffered from "intrusive thoughts" that prevented her from

---

[1] Kilolo Kijakazi has been substituted for Andrew Marshall Saul. Fed. R. Civ. P. 25(d).
[2] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c).

1

working. R. 44. Plaintiff sought treatment in the form of mental health counseling and psychiatric medication. When Plaintiff exhausted her medical leave benefits, she returned to work in 2018. However, in February or March of 2018, Plaintiff stopped working because of her mental impairments. Plaintiff then ceased all mental health treatment and mainly stayed at her home with her husband. Plaintiff reported improvement in her mood and behavior by coping with any intrusive thoughts at home, in a peaceful environment.

Following a hearing, an administrative law judge ("ALJ") issued a decision in October 2019, finding that Plaintiff was not disabled. R. 16-29. The ALJ found that Plaintiff had the following severe impairments: headaches and an affective disorder. The ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertion levels with certain restrictions. In relation to social interaction, the ALJ found that Plaintiff was able to "occasionally interact with coworkers and supervisors; but is limited to rare, if any, interaction with the public of a brief and superficial nature." R. 21. The ALJ determined that Plaintiff could not perform her past relevant work, but there were other jobs that existed in significant numbers in the national economy that she could perform.

Plaintiff appeals the ALJ's decision, arguing that the ALJ improperly discounted the opinions of the state-agency psychologists and her treating psychologist and failed to consider a closed period of disability. Therefore, this Court will focus on the evidence relevant to the ALJ's evaluation of these issues in the discussion below.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If

supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (citations omitted). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

### III. Discussion

Plaintiff argues that remand is appropriate because the ALJ: (1) improperly discounted the opinions of the state-agency psychologists; (2) improperly rejected the opinion of her treating psychologist; and (3) failed to consider a closed period of disability. Plaintiff first argues that despite relying on the state agency psychologists' opinions in formulating the RFC, the ALJ failed to account for the limitations they found regarding her ability to interact with others. The Commissioner argues that the ALJ explained why she did not fully credit these opinions and the RFC assessment was also supported by another state agency opinion.

A claimant's RFC is the maximum work that she can perform despite any limitations. *See* 20 C.F.R. § 404.1545(a)(1); Social Security Ruling 96-8p, 1996 WL 374184, at *2. An ALJ must base a claimant's RFC on all relevant evidence in the record, including the claimant's medical history and findings, the effects of treatment, reports of daily activities, medical opinions, and effects of symptoms. 20 C.F.R. § 404.1545(a)(3); Social Security Ruling 96-8p, 1996 WL 374184, at *5. "Although the responsibility for the RFC assessment belongs to the ALJ, not a physician, an

3

ALJ cannot construct his own RFC finding without a proper medical ground and must explain how he has reached his conclusions." *Amey v. Astrue*, No. 09 C 2712, 2012 WL 366522, at *13 (N.D. Ill. Feb. 2, 2012).

In August 2018, state-agency reviewing psychologist Michael Cremerius, Ph.D., opined that Plaintiff had moderate limitations in interacting with others. R. 106. Dr. Cremerius also assessed Plaintiff's mental RFC. In the portion of the form regarding social interaction limitations, Dr. Cremerius opined that Plaintiff was markedly limited in her ability to interact appropriately with the general public. R. 111. He also found Plaintiff moderately limited in her ability to accept instructions and respond appropriately to criticism from supervisors and get along with coworkers without distracting them or exhibiting behavioral extremes. Accordingly, Dr. Cremerius found that Plaintiff would be limited to "brief and superficial contact with co-workers and supervisors, no contact with the public." R. 111. On reconsideration, state-agency reviewing psychologist David Voss, Ph.D., affirmed Dr. Cremerius' assessments. R. 125, 129-30. Additionally, in December 2017, state-agency reviewing psychologist Catherine Blusiewicz, Ph.D., opined that Plaintiff could "accept supervision and interact with coworkers and the public. Contact with the public should be limited in nature." R. 655.

At step three of the evaluation process, the ALJ found that Plaintiff's symptoms related to her affective disorder warranted a moderate limitation in interacting with others.[3] R. 20. The ALJ considered Plaintiff's statements that she did not like to go out alone, had difficulty getting along

---

[3] Degrees of functional limitation in interacting with others are rated by the ALJ using a five-point scale: "None, mild, moderate, marked, and extreme. The last point on the scale represents a degree of limitation that is incompatible with the ability to do any gainful activity." 20 C.F.R. § 404.1520a(c)(4). A moderate limitation is defined as "functioning in this area independently, appropriately, effectively, and on a sustained basis is fair." 20 C.F.R. Pt. 404, Subpt. P, App. 1. § 12.00(F)(2). A marked limitation is defined as functioning in this area that is "seriously limited." *Id.* An extreme limitation is defined as "not able to function in this area." *Id.*

with others, and at times was angry, irritable, and self-righteous. The ALJ further considered that Plaintiff had not lost a job due to her difficulty getting along with others and was at times described as friendly and cooperative.

In formulating the RFC, the ALJ relied on the opinions of the state-agency psychologists by giving them "partial weight." R. 26. The ALJ found that Drs. Cremerius and Voss' limitations to only brief and superficial contact with coworkers and supervisors and no contact with the public were "generally consistent" with the ALJ's determination that Plaintiff was able to "occasionally interact with coworkers and supervisors; but is limited to rare, if any, interaction with the public of a brief and superficial nature." R. 21, 26.

As Plaintiff points out, the ALJ adopted an RFC with social limitations that were less restrictive than the limitations outlined by Drs. Cremerius and Voss. The Commissioner admits that the ALJ assessed different social restrictions than those outlined by Drs. Cremerius and Voss. However, the Commissioner argues that the ALJ sufficiently explained why she did not fully credit their opinions. The Commissioner argues that the ALJ specifically cited to Plaintiff's increased activity and improved mood since stopping mental health treatment as reasons for not adopting Drs. Cremerius and Voss' limitations in full. This Court disagrees and finds that the ALJ failed to explain how she reached her RFC assessment.

The ALJ's evaluation of Drs. Cremerius and Voss' opinions is as follows:

Partial weight is given to the opinions of Michael E. Cremerius, Ph.D. and David Voss, Ph.D., the State agency psychological consultants. Both Dr. Cremerius and Dr. Voss stated that claimant would be capable of performing simple and some detailed work tasks, but no complex tasks, and that she could tolerate no contact with the public and only brief and superficial contact with coworkers and supervisors. (Exhibit 1A, p. 10-11; Exhibit 4A, p. 12-14). These limitations are generally consistent with the above stated residual functional capacity which limits claimant's interaction with co-workers and supervisors to only occasional and contact with the public to rare and only brief and superficial. The reduction to simple and detailed, but no complex tasks is consistent with her ongoing reports of

> difficulty concentrating when having intrusive thoughts about her son. However, her range of activity appears to have increased since ceasing all treatment, and her mood has improved according to both her and her husband's testimony. In addition to accepting the limitations posed by these reviewing experts, I have added a restriction against fast paced or production rate work to further reduce the stressful environment.

R. 26.

Although the ALJ states that Drs. Cremerius and Voss' limitations are "generally consistent" with the RFC findings, the ALJ makes no attempt to explain her basis for limiting Plaintiff to occasional interaction with coworkers rather than superficial interaction. *See Jayson J. v. Saul*, 2:19CV175, 2020 WL 597657, at *12 (N.D. Ind. Feb. 7, 2020) (remanding where the ALJ failed to explain how plaintiff could occasionally interact with supervisors despite opinion evidence limiting the plaintiff to brief, superficial interactions with others). The ALJ's citation to Plaintiff's improved activities and mood since she stopped working and ceased all mental health treatment does not explain why Plaintiff no longer needs to be limited to brief, superficial contact with her coworkers and supervisors. "'Occasional contact' goes to the quantity of time spent with the individuals, whereas 'superficial contact' goes to the quality of the interactions. These limitations are not interchangeable, nor does one imply the other." *Hurley v. Berryhill*, 1:17-CV-421-TLS, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018) (citation omitted).

Moreover, the improvement the ALJ cites in Plaintiff's activities and mood occurred while Plaintiff was not working and was able to cope with her intrusive thoughts at her own pace in the comfort of her own home. The ALJ does not explain how she evaluated this in her decision. *See Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."). Additionally, the activities the ALJ cited included Plaintiff's ability to perform personal care, laundry, pay bills, drive a car a

6

short distance, work in her garden, and take a trip to Indiana for her daughter's graduation. R. 25. Other than the one trip Plaintiff took to Indiana, it is unclear how these activities are inconsistent with Plaintiff's reported inability to interact appropriately with others when she experiences intrusive thoughts.

Nevertheless, even assuming Plaintiff's functioning improved, Plaintiff testified that such improvement did not occur until early 2018. The ALJ provides no explanation for why she did not fully adopt Drs. Cremerius and Voss' limitations to accommodate Plaintiff's social limitations from 2015 through 2017 or otherwise explain why limiting Plaintiff to occasional interaction with coworkers sufficiently accommodated her limitations. *See Hurley*, 2018 WL 4214523, at *4 (remanding where the ALJ failed to explain why he limited the plaintiff to occasional interaction but did not include the state agency psychologists' superficial interaction limitation); *Amey*, 2012 WL 366522, at *13 (requiring the ALJ to explain how he reached his RFC conclusions).

The ALJ similarly provided no explanation for limiting Plaintiff to rare, if any, interaction with the public of a brief and superficial nature. Drs. Cremerius and Voss found that Plaintiff had marked limitations in her ability to interact appropriately with the public and opined that Plaintiff should have no contact with the public. The ALJ omitted this limitation without explanation and without any evidence to support her limitation of rare and superficial contact. This Court cannot reconcile the ALJ's decision to "accept[] the limitations posed by these reviewing experts" and yet assess less restrictive social interaction limitations in the RFC. R. 26.

The Commissioner further argues that the ALJ's social limitations in the RFC are supported by the opinion of state-agency reviewing psychologist Catherine Blusiewicz, Ph.D. In December 2017, Dr. Blusiewicz opined that Plaintiff could "accept supervision and interact with coworkers and the public. Contact with the public should be limited in nature." R. 655. The ALJ

7

gave "partial weight" to Dr. Blusiewicz's opinion, stating only that: "Although it is somewhat unclear as to what degree of tolerance is meant by this, I have limited interaction to co-workers as well as supervisors in light of all the evidence to reduce the factors that trigger claimant's irritability, anger, and intrusive thoughts about her son." R. 26.

This Court does not find Dr. Blusiewicz's opinion supportive of the RFC. The ALJ explicitly found Dr. Blusiewicz's limitation was "unclear as to what degree of tolerance" he intended, and the ALJ offered no other explanation as to how this opinion supported her RFC assessment.

An ALJ's ability to make inferences regarding Plaintiff's functional limitations caused by her impairments is not unlimited. It must be tied to the evidence in the record such that the ALJ's RFC finding is based on all the relevant evidence in the record. *See* 20 C.F.R. § 404.1545(a). Here, the ALJ's decision indicated that she relied on three state-agency reviewing physicians to formulate Plaintiff's social limitations in the RFC. Yet, the ALJ specifically found one psychologist's limitations unclear and adopted only part of the social limitations offered by the remaining two psychologists without explanation or support from other evidence in the record. The only other opinions in the record opining on Plaintiff's social limitations were from the testifying psychological expert and Plaintiff's treating psychologist. However, the ALJ rejected both of those opinions. This leaves the Court unclear as to whether the ALJ properly accounted for Plaintiff's limitations in social functioning in the RFC. The Court cannot reconcile the ALJ's failure to adopt an RFC with limitations at least as restrictive as the ones outlined by the state agency psychologists she relied on. Therefore, substantial evidence does not support the ALJ's decision based on her failure to explain her RFC assessment regarding Plaintiff's ability to interact with others.

Plaintiff emphasizes the importance of this RFC limitation in light of the vocational expert's testimony at the hearing. The vocational expert ("VE") was asked whether the jobs she testified to would remain if the claimant also had a restriction of "rare, if any, contact with coworkers and supervisors and only of a brief and superficial nature." R. 99. The VE answered: "No. If someone wasn't able to interact at all or, you know, very rare, this would eliminate all competitive work, including the ones I provided earlier." *Id.*

Plaintiff argues that had the ALJ assessed the limitations as outlined by Drs. Cremerius and Voss, the VE's testimony would have directed a finding of disability. *See* Pl.'s Mot. at 9, Dkt. 18. The Commissioner argues that the VE only found the limitation on the frequency of interaction, namely rare interactions with coworkers and supervisors, to be work preclusive. This Court is not persuaded by the Commissioner's attempt to make a harmless error argument. At best, the VE's testimony is unclear as to the discrete impact that brief and superficial contact with coworkers and supervisors would have on the jobs testified to at the hearing.

For the reasons outlined above, the ALJ has failed to provide an accurate and logical bridge from the evidence to her conclusion as to Plaintiff's RFC. *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). Accordingly, remand for further proceedings is required. On remand, the ALJ should clarify what, if any, additional restrictions in the RFC are warranted to account for Plaintiff's limitations in interacting. The ALJ should also evaluate Plaintiff's subjective symptoms according to Social Security Ruling 16-3p and provide an adequate explanation of her evaluation with specific reasons supported by the record. In remanding this case, the Court is not indicating that the issues raised in this appeal must be resolved in a particular way, but rather that they should be explored more thoroughly.

9

In light of the Court's remand to reevaluate the RFC assessment, it will not address Plaintiff's remaining arguments. However, Plaintiff should raise any of these concerns with the ALJ on remand, both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to this Court.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is granted, and the Commissioner's motion is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceeding consistent with this opinion.

Date: July 18, 2022     By: _Lisa A._
                            Lisa A. Jensen
                            United States Magistrate Judge